IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FRANKLIN BROOMFIELD                                                                                      PLAINTIFF

v.                                              Case No. 1:23-cv-1052

LEROY MARTIN                                                                                             DEFENDANT

### ORDER

Plaintiff, Franklin Broomfield, submitted this 42 U.S.C. § 1983 action *pro se*, on June 9, 2023, in the United States District Court for the Eastern District of Arkansas. (ECF No. 1). The Eastern District transferred the case to this Court on June 14, 2023. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with Orders of the Court and failure to prosecute this matter.

On June 16, 2023, the Court entered an order directing Plaintiff to file an application to proceed *in forma pauperis* ("IFP") because he failed to do so with his Complaint. (ECF No. 7). The Court directed Plaintiff to respond with the completed IFP Application or the full filing fee by July 7, 2023. *Id*. Also, on June 16, 2023, the Court entered an order directing Plaintiff to file an amended complaint by July 7, 2023. (ECF No. 6). These Orders were not returned as undeliverable mail. Plaintiff failed to respond to either Order.

On July 12, 2023, the Court entered an Order to Show Cause as to why Plaintiff failed to respond to the Court's two June 16, 2023 Orders. (ECF No. 8). Also on July 12, 2023, the Court received an IFP Application from Plaintiff. (ECF No. 9) Plaintiff filed an Amended Complaint on July 18, 2023. (ECF No. 10).

On July 27, 2023, the Court received mail sent to Plaintiff at the Columbia County

Detention Center ("CCDC") that had been returned as undeliverable. (ECF Nos. 11, 12). Upon review of Plaintiff's most recent filings, it was determined that the return address on those filings indicated Plaintiff was released from the CCDC and was residing at a free-world address. (ECF Nos. 9, 10). The Clerk of Court changed Plaintiff's address of record accordingly.

On August 4, 2023, the Court entered an Order directing Plaintiff to update his IFP Application based on his release from custody. (ECF No. 13). This Order was sent to Plaintiff's free-world address of record. It was not returned as undeliverable mail. Plaintiff did not respond with an updated IFP Application by the Court's deadline of August 25, 2023.

On August 28, 2023, the Court entered an Order to Show Cause directing plaintiff to show cause as to why he failed to respond to the Court's August 4, 2023 Order. (ECF No. 14). This Order to Show Cause was sent to Plaintiff's free-world address of record, and it was not returned as undeliverable mail. To date, Plaintiff has not submitted his updated IFP Application or communicated with the Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to prosecute this case and failed to comply with the Court's Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of October, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge